Joseph D. Steward, III (337385)
Kimmel & Silverman, P.C.
811 Wilshire Boulevard
Suite 1700-241
Los Angeles, CA 90017
Telephone: 215-540-8888
Facsimile: 215-540-8817
teamkimmel@creditlaw.com
*Attorney for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LAMA AND HICHAM SAAB, <br><br> Plaintiffs, <br><br> v. <br><br> BMW OF NORTH AMERICA, LLC <br><br> Defendant. | Case No.: 2:22-cv-04755 <br><br> **COMPLAINT** <br><br> 1. **BREACH OF EXPRESS WARRANTY UNDER THE MAGNUSON-MOSS WARANTY ACT** <br> 2. **BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY UNDER THE MAGUNSON-MOSS WARRANTY ACT;** <br> 3. **BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY UNDER THE SONG-BEVERLY WARRANTY ACT;** <br> 4. **BREACH OF EXPRESS WARRANTY UNDER THE SONG-BEVERLY WARRANTY ACT** |

Plaintiffs, Lama and Hicham Saab (hereinafter referred to as "Plaintiffs"), by and through their attorneys, KIMMEL & SILVERMAN, P.C., allege and complain as follows:

## INTRODUCTION

1. Plaintiffs' Complaint is based on the Magnuson-Moss Warranty Act ("Warranty Act"), Chapter 15 U.S.C.A., § 2301, *et. seq.*, and breach of implied warranty of merchantability pursuant to the Magnuson-Moss Warranty Act, and the Song-Beverly Consumer Warranty Act, Cal. Civ. Code § 1790, *et seq.*

## JURISDICTION AND VENUE

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because the action alleges claims pursuant to 15 U.S.C. § 2310, the Magnusson-Moss Warranty Act, with a claim that exceeds the amount in controversy of $50,000 pursuant to 15 U.S.C. § 2310(d)(3)(B).

3. In addition, under 28 U.S.C. § 1367, this Court may exercise supplemental jurisdiction over the state law claims because all the claims are derived from a common nucleus of operative facts and are such that Plaintiffs ordinarily would expect to try them in one judicial proceeding.

4. This Court has personal jurisdiction over Defendant and venue is proper in this Court because Plaintiffs Leased the subject vehicle in Riverside County; this District is where Defendant directs and controls warranty repairs on covered vehicles; and Defendant is subject to personal jurisdiction in this district.

5. Plaintiffs are adult residents of Valencia, CA 91354.

6. Defendant is a limited liability company with its principal place of business located at 300 Chestnut Ridge Road, Woodcliff Lake, NJ 07677.

7. Accordingly, diversity of citizenship exists.

8. Plaintiffs seek damages for the "full price" of the vehicle, collateral

charges, finance charges, incidental and consequential damages, costs and attorney's fees. Additionally, Plaintiffs seek trebled damages.

9. Plaintiffs' claims in this matter exceed $75,000.00 in damages.

10. Accordingly, this Court has diversity jurisdiction over this matter.

## GENERAL ALLEGATIONS

11. Plaintiffs are residents of Valencia, CA 91354.

12. Defendant BMW OF NORTH AMERICA, LLC (hereinafter "Manufacturer") is a corporation that regularly conducts business in the State of California, with a registered principal place of business located at 300 Chestnut Ridge Road, Woodcliff Lake, NJ 07677. Defendant designs, markets, distributes, services, repairs, sells, and leases passenger vehicles, including the vehicle at issue in this suit, throughout the United States, including in this District. Defendant is the warrantor and distributor and/or seller of the vehicle leased by Plaintiffs.

13. Defendant is also in the business of marketing, supplying and selling written warranties to the public at large through a system of authorized dealerships.

14. On or around January 5, 2020, Plaintiffs Leased a 2020 BMW 330I from Defendant's authorized dealership, BMW of Riverside ("Seller") located at 3060 Adams Street, Riverside, CA 92504, bearing the Vehicle Identification Number 3MW5R1J04L8B19001. A true and correct copy of the Lease Agreement is attached as Exhibit "A".

15. The subject Vehicle was/is a "new motor vehicle" under the Song-Beverly Warranty Act.

16. The contract price of the Vehicle, including registration charges, document fees, sales tax, finance and bank charges totaled more than $42,210.00. *See* Exhibit "A".

17. Along with the lease of the Vehicle, Plaintiffs received written

warranties and other express and implied warranties including, but not limited to, warranties from the Manufacturer that the Vehicle and its components would be free from all defects in material and workmanship; that the Vehicle would be fit for the ordinary purposes for which it was intended; that the Vehicle would confirm to the promises and affirmations of fact made; that Defendant would perform any repairs, alignments, adjustments, and/or replacements of any parts necessary to ensure the Vehicle was free from any defect in material and workmanship; that Defendant would maintain the utility of the Vehicle for 30,000 miles pursuant to the factory limited warranty, and would conform the Vehicle to the applicable express warranties. A copy of the written warranty is in possession of the Defendant.

18. Plaintiffs have duly performed all the conditions on Plaintiffs' part under the lease agreement and under the express and implied warranties given to the Plaintiffs, except insofar as the acts and/or omissions of the Defendant prevented and/or excused such performance.

19. The warranty, California Law and Federal warranty laws, require repairs to be completed within a reasonable time.

20. The subject vehicle failed to meet the standard guaranteed as it is afflicted with certain defects and non-conformities, including but not limited to the structure of the vehicle.

21. In connection with the substantial non-conformities, Plaintiffs presented the Vehicle for repairs at Defendant's authorized warranty service facility located at the Century West BMW, LLC and Valencia BMW on September 23, 2020, May 20, 2021, July 3, 2021, September 17, 2021, November 29, 2021, January 5, 2022 and February 8, 2022. A true and accurate copy of the Repair Orders are attached as Exhibit "B". The repair attempts are summarized below:

- September 23, 2020- September 24, 2020: 8,651 miles, Plaintiffs

presented the vehicle for repair at Valencia BMW in connection with excessive oil consumption. The dealer placed the vehicle out of service for two (2) days in connection with this repair attempt.

- May 20, 2021- May 22, 2021: 14,817 miles, Plaintiffs presented the vehicle for repair at Valencia BMW in connection with a coolant leak. The dealer placed the vehicle out of service for three (3) days in connection with this repair attempt.

- July 03, 2021, 17,494 miles, Plaintiffs presented the vehicle for for repair at Valencia BMW again for excessive oil consumption. The dealer placed the vehicle out of service for one (1) day in connection with this repair attempt.

- September 17, 2021- September 18, 2021, 21,599 miles, Plaintiffs presented the vehicle for repair at Valencia BMW in connection with the engine warning light activating. The dealer diagnosed the concern as a vacuum leak ("Natural Vacuum Leak Detection", NVLD for short). The dealer placed the vehicle out of service for ' two (2) days in connection with this repair attempt.

- November 29, 2021- November 30, 2021, 25,931 miles, Plaintiffs presented the vehicle for repair at Valencia BMW in connection with excessive oil consumption but the service writer misstated the complaint to make it appear that Plaintiff was complaining about the oil level rather than oil consumption. The dealer placed the vehicle out of service for two (2) days in connection with this repair attempt.

- January 05, 2022- January 06, 2022, 27,444 miles, Plaintiffs presented the vehicle for repair at Century West BMW in connection with excessive oil consumption and also resulting in the low-oil light to illuminate. The dealer placed the vehicle out of

- 5 -

COMPLAINT

service for two (2) days in connection with this repair attempt.

- February 8, 2022- February 9, 2022, 28,771 miles, Plaintiffs presented the vehicle for repair at Valencia BMW in connection with the cluster display inoperable which would require the vehicle to be pulled over during highway driving in order to restart vehicle. The dealer placed the vehicle out of service for two (2) days in connection with this repair attempt.

22. When Plaintiffs delivered the nonconforming vehicle to a manufacturer - authorized service and repair facility, Plaintiffs notified of the defects, malfunctions, maladjustments, and/or nonconformities existing with the vehicle and demanded that Manufacturer or its representatives repair, adjust, and/or replace any necessary parts to conform the Vehicle to the applicable warranties.

23. When Plaintiffs delivered the nonconforming Vehicle to a manufacturer - authorized service and repair facility, Defendant through its authorized service facility represented to Plaintiffs that they could and would conform the Vehicle to the applicable warranties, however, Manufacturer or its representatives failed to conform the Vehicle to the applicable warranties because said defects, malfunctions, maladjustments, and/or nonconformities continued to exist even after a reasonable amount of time to repair was given.

24. Despite those repair attempts, the vehicle remains in a defective state and Plaintiffs no longer feels safe driving the subject vehicle.

**FIRST CAUSE OF ACTION**
**Breach of Warranty Pursuant to the Magnuson-Moss Warranty Improvement Act, 15 U.S.C. § 2301, *et seq.***

25. Plaintiffs incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. Plaintiffs are "consumers" as defined in 15 U.S.C. § 2301(3).

27. Defendant is a "supplier" and "warrantor" as defined in 15 U.S.C. § 2301(4)-(5).

28. The subject vehicle is a "consumer product" as defined in 15 U.S.C. § 2301(6).

29. 15 U.S.C. § 2310(d)(1) provides a cause of action for any consumer who is damaged by the failure of a warrantor to comply with a written warranty.

30. 15 U.S.C. § 2304(a)(1) requires Defendant, as a warrantor, to remedy any defect, malfunction or nonconformance of the subject vehicle within a reasonable time and without charge to the Plaintiffs.

31. Defendant has attempted to comply with the terms of its express warranties, implied warranties and contracts; however, its efforts through its authorized service and repair facilities, have failed to timely make repairs.

32. Defendant has failed to remedy the vehicle's defects within a reasonable time, thereby breaching the written warranty applicable to the vehicle.

33. As a result of Defendant's conduct and/or failure to timely and/or properly repair the vehicle, Plaintiffs have suffered damages and left with a vehicle that cannot meet their reasonable needs as marketed by Defendant.

34. As a result of Defendant's actions, Plaintiffs have been required to retain legal counsel to recover their damages as Defendant refused and continues to refuse to do so voluntarily.

35. The Magnuson-Moss Warranty Improvement Act, 15 U.S.C. §2310(d)(2) provides:

  a) If a consumer finally prevails on an action brought under paragraph (1) of this subsection, he may be allowed by the court to recover as part of the Judgment a sum equal to the amount of aggregate amount of costs and expenses (including attorney fees based upon actual time expended), determined by the court to have been reasonably incurred by the Plaintiffs for, or in connection with the commencement and prosecution of such action, unless the court, in its discretion shall determine that such an award of attorney's fees would be inappropriate.

36. As a direct and proximate result of Defendant's failure to comply with its express written, implied warranties and contracts, Plaintiffs have suffered damages and, in accordance with 15 U.S.C. §2310(d)(1), Plaintiffs are entitled to bring suit for such damages and other legal and equitable relief.

37. Defendant's warranty was not provided to Plaintiffs until after the vehicle was delivered, nullifying any and all limitations, disclaimers and/or alternative dispute provisions and making them ineffective for a failure of consideration.

38. Plaintiffs avers that upon successfully prevailing upon the Magnuson-Moss claim herein, all attorney fees and cost are recoverable and are demanded against Defendant. Plaintiffs respectfully demand judgment against Defendant in an amount equal to the price of the subject vehicle, plus all collateral charges, incidental and consequential damages, reasonable attorneys 'fees, and all court costs.

## SECOND CAUSE OF ACTION
**Breach of Implied Warranty of Merchantability Pursuant  
to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq.***

39. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

40. Defendant is a merchant with respect to motor vehicles.

41. The vehicle was subject to implied warranties of merchantability, as defined in 15 U.S.C. § 2308, running from the Defendant to the Plaintiffs.

42. An implied warranty that the vehicle was merchantable arose by operation of law as part of the lease of the vehicle.

43. Defendant breached the implied warranty of merchantability in that the subject vehicle was not in merchantable condition when the Plaintiffs leased it,

and the subject vehicle is unfit for the ordinary purposes for which such vehicles are used.

44. Indeed, the vehicle suffered from defects that prevented Plaintiffs from being able to properly use the vehicle.

45. The defects were dangerous because they caused the vehicle to severely malfunction while the vehicle was in operation, thereby exposing the vehicle's driver, passengers, and others who share the road with them, to serious risk of accidents and injury or death.

46. Plaintiffs notified Defendant of the defects in the vehicle within a reasonable time after Plaintiffs discovered them.

47. Defendant's pandemic-blaming nonchalance regarding the timeliness of current and future repair needs, is inconsistent with the warranty promises and obligations owed by Defendant.

48. As a result of Defendant's breaches of the implied warranty of merchantability, Plaintiffs have suffered damages, including but not limited to incidental and consequential damages, plus attorney fees and costs to recover same.

## THIRD CAUSE OF ACTION
**Breach of Implied Warranty of Merchantability
Under Song-Beverly Act, Cal. Civ. Code § 1790, *et seq.***

49. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully set forth herein.

50. Plaintiffs leased the vehicle manufactured by Defendant. This lease was accompanied by the Manufacturer's implied warranty that the vehicle was merchantable.

51. The vehicle is a "consumer good" as defined by Cal. Civ. Code §1791 (a).

52. Plaintiffs are "consumers" as defined by Cal. Civ. Code §1791 (b).

53. Defendant is a "manufacturer" as defined by Cal. Civ. Code §1791(j).

54. At the time of lease, BMW was in the business of manufacturing consumer goods.

55. At the time of sale, Defendant provided Plaintiffs with the implied warranty of merchantability as set forth in Cal. Civ. Code §§1791.1(a) and 1792. Defendant impliedly warranted, *inter alia*, that the vehicle was fit for ordinary purposes for which it was intended, that the vehicle was adequately assembled; and/or that the vehicle conformed to the promises or affirmations of fact made to Plaintiffs.

56. As evidenced by the defects, malfunctions, misadjustments, and/or nonconformities alleged herein, the vehicle was not merchantable because it did not have the quality that a buyer would reasonably expect, because it was not fit for the ordinary purposes for which it was intended; because it was not adequately assembled; and/or because it did not or could not be conformed to the promises or affirmations of fact made to Plaintiffs.

57. Because of the defect, the vehicle was not safe to drive, and thus not fit for ordinary purposes.

58. Upon discovery of the vehicle's nonconformities, Plaintiffs took reasonable steps to notify Defendant within a reasonable time that the vehicle did not have the quality that a buyer would reasonably expect.

59. As a direct and proximate result of Defendant's breach of its duties under California law, Plaintiffs received goods whose dangerous condition substantially impaired its value.

60. Plaintiffs have been damaged by the diminished value, malfunctioning, and non-use of their vehicle. As such, Plaintiffs have sustained damage in the amount actually paid or payable under the contract, plus

prejudgment interest thereon at the legal rate. Plaintiffs will seek leave to amend this Complaint to set forth the exact amount thereof when that amount is ascertained.

61. As a further result of the actions of Defendant, Plaintiffs have sustained incidental and consequential damages in an amount yet to be determined, plus interest thereon at the legal rate. Plaintiffs will seek leave to amend this Complaint to set forth the exact amount of incidental damages when that amount is ascertained.

62. As a further result of the actions of Defendant, Plaintiffs have sustained damages equal to the difference between the value of the vehicle as accepted and the value the vehicle would have had if it had been as warranted.

63. As a direct result of the acts and/or omissions of Defendant and in pursuing Plaintiffs' claim, it was necessary for Plaintiffs to retain legal counsel. Pursuant to Cal. Civ. Code §1794, Plaintiffs, in addition to their other remedies, is entitled to the recovery of attorneys' fees and costs based upon actual time expended and reasonably incurred, in connection with the commencement and prosecution of this action.

### FOURTH CAUSE OF ACTION
**Breach of Implied Warranty of Merchantability Pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq.***

64. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully set forth herein.

65. The vehicle had defects, malfunctions, misadjustments, and/or nonconformities covered by the warranty that substantially impaired its value, use, or safety to Plaintiffs.

66. In accordance with Defendant's warranty, Plaintiffs delivered the vehicle to Defendant's authorized repair facilities in the state to perform warranty

repairs.

67. Plaintiffs did so within a reasonable time. However, Defendant failed to service or repair the vehicle to match the written warranty within a reasonable amount of time. In fact, Defendant was unable to repair the defect and still to this day has not done so.

68. The acts and/or omissions of Defendant in failing to perform the proper repairs, part replacements, and/or adjustments, to conform the vehicle to the applicable express warranties constitute a breach of the express warranties that the Manufacturer provided to Plaintiffs, thereby breaching Defendant's obligations under Song-Beverly.

69. The actions taken by Defendant were insufficient to make the subject vehicle conform to the express warranties and/or proper operational characteristics of like vehicles, all in violation of Defendant's obligations under Song-Beverly.

70. Plaintiffs have been damaged by Defendant's failure to comply with its obligations under the express warranty, and is therefore entitled under Cal. Civ. Code § 1794 the replacement of the vehicle or restitution of the amount actually paid or payable under the contract, at Plaintiffs' election, plus prejudgment interest thereon at the legal rate. Plaintiffs will seek leave of Court to amend this Complaint to set forth the exact amount of restitution and interest, upon election, when that amount has been ascertained.

71. Additionally, as a result of the acts and/or omissions of Defendant and pursuant to Song-Beverly, Plaintiffs have sustained and are entitled to consequential and incidental damages in amounts yet to be determined, plus interest thereon at the legal rate. Plaintiffs will seek leave of the court to amend this complaint to set forth the exact amount of consequential and/or incidental damages, when those amounts have been ascertained.

72. As a direct result of the acts and/or omissions of Defendant and in

pursuing Plaintiffs' claim, it was necessary for Plaintiffs to retain legal counsel. Pursuant to Song-Beverly, Plaintiffs, in addition to other remedies, are entitled to the recovery of attorneys' fees based upon actual time expended and reasonably incurred, in connection with the commencement and prosecution of this action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, LAMA AND HICHAM SAAB, respectfully pray for a judgment against Defendant as follows:

    a.    For replacement or restitution, according to proof;

    b.    For incidental damages, according to proof;

    c.    For consequential damages, according to proof;

    d.    For a civil penalty as provided in Song-Beverly, in an amount not to exceed two times the amount of Plaintiffs' actual damages;

    e.    For actual attorney's fees, reasonably incurred;

    f.    For costs of suit and expenses, according to proof;

    g.    For the difference between the value of the vehicle as accepted and the value the vehicle would have had if it had been as warranted;

    h.    For remedies provided in Chapters 6 and 7 of Division 2 of the Commercial Code;

    i.    For pre-judgment interest at the legal rate; and

- 13 -

COMPLAINT

j.  For other relief the Court deems appropriate.

## DEMAND FOR JURY TRIAL

**Please take notice** that Plaintiffs, LAMA AND HICHAM SAAB, demand a jury trial in this case.

                RESPECTFULLY SUBMITTED,

                KIMMEL & SILVERMAN, P.C.

                <u>/s/Joseph D. Steward, III</u>
                Joseph D. Steward, III, Esq. (337385)
                Kimmel & Silverman, P.C.
                811 Wilshire Boulevard
                Suite 1700-241
                Los Angeles, CA 90017
                Telephone: 215-540-8888
                Facsimile: 215-540-8817
                teamkimmel@creditlaw.com
                *Attorney for Plaintiffs*

Dated: July 12, 2022